IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ONYX THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| CIPLA LIMITED and CIPLA USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Onyx Therapeutics, Inc. ("Plaintiff" or "Onyx") brings this action for patent infringement against CIPLA Limited and CIPLA USA, Inc. (collectively "Defendants" or "CIPLA").

## THE PARTIES

1.     Plaintiff Onyx is a corporation organized under the laws of the State of Delaware, having a principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320-1799.   Onyx is a wholly owned subsidiary of Onyx Pharmaceuticals, Inc.   Onyx Pharmaceuticals, Inc. is a wholly owned subsidiary of Amgen Inc.

2.     On information and belief, Defendant CIPLA USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9100 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156.

3.     On information and belief, Defendant CIPLA Limited is an Indian corporation, having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400 013, India.

4.      On information and belief, CIPLA Limited has made or has caused to be made the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 209479 and, through the filing of that ANDA with the U.S. Food and Drug Administration ("FDA") pursuant to 21 U.S.C. § 355(j) (Section 505(j) of the Federal Food, Drug and Cosmetic Act), seeks regulatory approval to market and sell the proposed ANDA product throughout the United States, including within this District.

5.      On information and belief, CIPLA USA, Inc. is a wholly owned subsidiary of CIPLA Limited, and is controlled by CIPLA Limited.

6.      On information and belief, CIPLA USA, Inc. acts as the U.S. agent of CIPLA Limited with respect to ANDA No. 209479, and it will work, either directly or indirectly, to manufacture, import, market, and sell the proposed generic carfilzomib 60 mg lyophilized powder for reconstitution and for intravenous administration (the "Proposed ANDA Product") that is the subject of ANDA No. 209479.

## NATURE OF THE ACTION

7.      This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of CIPLA's ANDA No. 209479, filed with the FDA seeking approval to engage in the commercial manufacture, use and sale of the Proposed ANDA Product prior to the expiration of U.S. Patent Nos. 7,417,042; 7,232,818; 7,491,704; 7,737,112; 8,129,346; 8,207,125; 8,207,126; 8,207,127; and 8,207,297 ("the Patents-in-Suit"), which are owned by Onyx.

8.      The Proposed ANDA Product is a generic version of Onyx's KYPROLIS® (carfilzomib) for injection.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

10.     This Court has personal jurisdiction over CIPLA USA, Inc. because, on information and belief, CIPLA USA, Inc. is a company existing under the laws of Delaware.  On information and belief, CIPLA USA, Inc. directly or indirectly, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

11.     This Court has personal jurisdiction over CIPLA Limited because, upon information and belief, CIPLA USA, Inc., a Delaware corporation, is acting as an agent of CIPLA Limited with respect to ANDA No. 209479.  On information and belief, CIPLA USA, Inc. and CIPLA Limited are working in concert for the purposes of developing, formulating, manufacturing, marketing, and selling drug products throughout the United States, including Delaware, and Delaware will be a destination of the Proposed ANDA Product.

12.     This Court also has jurisdiction over CIPLA Limited because, *inter alia*, this action arises from actions of CIPLA Limited directed toward Delaware, and because CIPLA Limited has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware.  Upon information and belief, CIPLA Limited regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware, either on its own or through its affiliates. Upon information and belief, CIPLA Limited derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

13.     This Court also has jurisdiction over CIPLA Limited because CIPLA Limited has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware by having filed suit in this jurisdiction.  *See, e.g.*, *Cipla Ltd. v. Sunovion Pharmaceuticals Inc.*, Civil Action No. 15-424 (D. Del.); *Meda Pharmaceuticals Inc. et al. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 15-785 (D. Del.).   CIPLA Limited has also previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertions of counterclaims in suits brought in Delaware.  *See, e.g.*, *Bristol-Myers Squibb Co. v. Cipla USA, Inc. et al.*, Civil Action No. 16-074 (D. Del.); *Helsinn Healthcare S.A. et al. v. Cipla Ltd. et al.*, Civil Action No. 14-427 (D. Del.).

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

15.     United States Patent No. 7,417,042 (the "'042 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on August 26, 2008 and will expire on July 20, 2026.  Onyx is the owner of the '042 Patent.  A copy of the '042 Patent is attached as Exhibit A.

16.     United States Patent No. 7,232,818 (the "'818 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 19, 2007 and will expire on April 14, 2025.  Onyx is the owner of the '818 Patent.  A copy of the '818 Patent is attached as Exhibit B.

17.     United States Patent No. 7,491,704 (the "'704 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on February 17, 2009 and will expire on April 14, 2025.  Onyx is the owner of the '704 Patent.  A copy of the '704 Patent is attached as Exhibit C.

18.     United States Patent No. 7,737,112 (the "'112 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 15, 2010 and will expire on December 7, 2027.  Onyx is the owner of the '112 Patent.  A copy of the '112 Patent is attached as Exhibit D.

19.     United States Patent No. 8,129,346 (the "'346 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on March 6, 2012 and will expire on April 14, 2025.  Onyx is the owner of the '346 Patent.  A copy of the '346 Patent is attached as Exhibit E.

20.     United States Patent No. 8,207,125 (the "'125 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 26, 2012 and will expire on April 14, 2025.  Onyx is the owner of the '125 Patent.  A copy of the '125 Patent is attached as Exhibit F.

21.     United States Patent No. 8,207,126 (the "'126 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 26, 2012 and will expire on April 14, 2025.  Onyx is the owner of the '126 Patent.  A copy of the '126 Patent is attached as Exhibit G.

22.     United States Patent No. 8,207,127 (the "'127 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 26, 2012 and will expire on April 14, 2025.  Onyx is the owner of the '127 Patent.  A copy of the '127 Patent is attached as Exhibit H.

23.     United States Patent No. 8,207,297 (the "'297 Patent"), entitled "Compounds For Enzyme Inhibition," was duly and legally issued on June 26, 2012 and will expire on April 14, 2025.  Onyx is the owner of the '297 Patent.  A copy of the '297 Patent is attached as Exhibit I.

## FACTUAL BACKGROUND

### KYPROLIS® (CARFILZOMIB) FOR INJECTION

24.     On July 20, 2012, the FDA granted accelerated approval to Onyx to market KYPROLIS® (carfilzomib) for injection to treat relapsed or refractory multiple myeloma, a type

of cancer, and more specifically a type of hematopoietic cancer. Per the FDA, the accelerated approval program is designed to provide patients with earlier access to promising new drugs. Previously, in January 2011, the FDA had granted KYPROLIS® (carfilzomib) for injection "Fast Track" designation, which is a unique FDA process designed to facilitate the development and expedite the review of drugs based on the FDA's determination that it has the potential to treat serious conditions and fill an unmet medical need.

25. As described in the FDA approved label for KYPROLIS® (carfilzomib) for injection, several clinical studies have established the drug's effectiveness for treating relapsed or refractory multiple myeloma. One such clinical study is the pivotal Phase 3 head-to-head ENDEAVOR study comparing KYPROLIS® (carfilzomib) for injection plus dexamethasone to VELCADE® (bortezomib) plus dexamethasone, which is a current standard of care in relapsed multiple myeloma. The data showed that patients treated with KYPROLIS® (carfilzomib) for injection plus dexamethasone achieved progression-free survival of 18.7 months compared to 9.4 months in those receiving VELCADE® (bortezomib) plus dexamethasone. Put differently, the ENDEAVOR study demonstrates that patients treated with KYPROLIS® (carfilzomib) for injection lived almost twice as long without disease worsening as those treated with VELCADE® (bortezomib).

26. KYPROLIS® (carfilzomib) for injection is approved by the FDA in combination with dexamethasone or with lenalidomide plus dexamethasone for the treatment of patients with relapsed or refractory multiple myeloma who have received one to three lines of therapy; and as a single agent for the treatment of patients with relapsed or refractory multiple myeloma who have received one or more lines of therapy.

27.      KYPROLIS® (carfilzomib) for injection is FDA approved for intravenous use.  It is FDA approved as a lyophilized powder in a single-dose 30 mg or 60 mg vial.  Each 30 mg vial contains 30 mg of carfilzomib, 1500 mg sulfobutylether beta-cyclodextrin, and 28.9 mg anhydrous citric acid and sodium hydroxide for pH adjustment (target pH 3.5).  Each 60 mg vial contains 60 mg of carfilzomib, 3000 mg sulfobutylether beta-cyclodextrin, 57.7 mg citric acid, and sodium hydroxide for pH adjustment (target pH 3.5).  The FDA approved label for KYPROLIS® (carfilzomib) for injection, provides detailed instructions for reconstituting the lyophilized KYPROLIS® (carfilzomib) powder before injection, including reconstituting each vial by slowly injecting Sterile Water for Injection, USP through the stopper and directing the solution into the inside wall of the vial, then gently swirling and/or inverting the vial slowly for about one minute, or until complete dissolution.

28.      Carfilzomib, the active ingredient in KYPROLIS® (carfilzomib) for injection, is a proteasome inhibitor.  The proteasome is the cell's "garbage disposal"; it breaks down unneeded or damaged proteins for reuse in the cell.  Carfilzomib, a tetrapeptide epoxyketone, inhibits proteasome function by irreversibly binding to the N-terminal threonine-containing active sites of the 20S proteasome, the proteolytic core particle within the 26S proteasome.  This causes the accumulation of protein in multiple myeloma cells, which triggers the body's mechanisms to kill the multiple myeloma cell through a process called apoptosis.  According to the FDA approved label for KYPROLIS® (carfilzomib) for injection, carfilzomib has antiproliferative and proapoptotic activities *in vitro* in solid and hematologic tumor cells.  In animals, carfilzomib inhibits proteasome activity in blood and tissue and delays tumor growth in models of multiple myeloma, hematologic, and solid tumors.

29.     Onyx is the holder of approved New Drug Application ("NDA") No. 20-2714 for KYPROLIS® (carfilzomib) for injection.  Onyx is the authorized agent for matters related to NDA No. 20-2714 in the United States.

30.     KYPROLIS® (carfilzomib) for injection, its active pharmaceutical ingredient carfilzomib, its method of manufacture, and use are covered by one or more claims of the Patents-in-Suit, and the Patents-in-Suit have been listed for NDA No. 20-2714 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

31.     Pursuant to NDA No. 20-2714, Onyx markets and distributes KYPROLIS® (carfilzomib) for injection in the United States.

### *DEFENDANTS' ANDA*

32.     On September 12, 2016, Onyx received a letter, dated September 9, 2016, from CIPLA Limited notifying Onyx that CIPLA Limited seeks through ANDA No. 209479 approval to engage in the commercial manufacture, use sale, and offer for sale of the Proposed ANDA Product prior to the expiration of the Patents-in-Suit.  Included within ANDA No. 209479 is a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed ANDA Product.

33.     Onyx commenced this action within 45 days of receipt of the Notice Letter.

34.     On information and belief, CIPLA Limited knowingly encouraged, directed, and actively induced CIPLA USA, Inc. to file ANDA No. 209479 with a Paragraph IV Certification.

35.     Defendants were aware of the Patents-in-Suit when ANDA No. 209479 was filed with a Paragraph IV Certification.

36.     On information and belief, carfilzomib is the active ingredient in the Proposed ANDA Product and is a proteasome inhibitor approved by the FDA in combination with dexamethasone or with lenalidomide plus dexamethasone for the treatment of patients with relapsed or refractory multiple myeloma who have received one to three lines of therapy; and as a single agent for the treatment of patients with relapsed or refractory multiple myeloma who have received one or more lines of therapy.  21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(5).

37.     On information and belief, ANDA No. 209479 refers to and relies upon the NDA for KYPROLIS® (carfilzomib) for injection and contains data that, according to Defendants, demonstrate the bioequivalence of the Proposed ANDA Product and KYPROLIS® (carfilzomib) for injection.  21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7).

38.     On information and belief, the Proposed ANDA Product will have instructions for use that substantially copy the instructions accompanying KYPROLIS® (carfilzomib) for injection, including instructions for administering the Proposed ANDA Product by intravenous injection to treat multiple myeloma in humans, as well as instructions for reconstituting the Proposed ANDA Product before injection by slowly injecting Sterile Water for Injection, USP into each vial through the stopper and directing the solution into the inside wall of the vial, then gently swirling and/or inverting the vial slowly for about one minute, or until complete dissolution.  21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(4) and (8).  The instructions accompanying the Proposed ANDA Product will induce healthcare providers to use the Proposed ANDA Product in a manner set forth in those instructions.

39.     On information and belief, CIPLA intends to have healthcare providers use its Proposed ANDA Product, if approved, as set forth in its Proposed ANDA Product label.  On information and belief, CIPLA's Proposed ANDA Product label instructs healthcare providers to

administer its Proposed ANDA Product by intravenous injection to treat multiple myeloma in humans after reconstituting the Proposed ANDA Product by slowly injecting Sterile Water for Injection, USP into each vial through the stopper and directing the solution into the inside wall of the vial, then gently swirling and/or inverting the vial slowly for about one minute, or until complete dissolution. Thus, CIPLA knowingly intends to encourage healthcare providers to administer its ANDA Product by intravenous injection to treat multiple myeloma in humans in a manner that infringes one or more of the Patents-in-Suit.

40. On information and belief, the active ingredient in the Proposed ANDA Product—carfilzomib—will irreversibly bind to the N-terminal threonine-containing active sites of the 20S proteasome and inhibit proteasome activity in blood and tissue and delay tumor growth when administered by healthcare providers as directed by CIPLA's Proposed ANDA Product label. Thus, CIPLA knows and intends for the carfilzomib in its ANDA Product to irreversibly bind to the N-terminal threonine-containing active sites of the 20S proteasome and inhibit proteasome activity in blood and tissue and delay tumor growth in humans in a manner that infringes one or more of the Patents-in-Suit.

41. On information and belief, the Proposed ANDA Product will have no substantial non-infringing use.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,417,042

42. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 41 of this Complaint.

43. On information and belief, the Proposed ANDA Product is covered by at least Claims 1-6, 15-24, and 37 of the '042 Patent, because it contains carfilzomib as its active ingredient.

44.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '042 Patent constitutes infringement of the '042 Patent under 35 U.S.C. § 271(e)(2).

45.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

46.      On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used will directly infringe at least Claims 1-6, 15-24, and 37 of the '042 Patent under 35 U.S.C. § 271(a).

47.     Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-6, 15-24, and 37 of the '042 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

48.     On information and belief, Defendants had knowledge of the '042 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1-6, 15-24, and 37 of the '042 Patent.

49.     Absent from the Notice Letter are any allegations that Claims 1-6, 15-24, or 37 of the '042 Patent are not infringed by the Proposed ANDA Product.

50.     Defendants have knowledge of the '042 Patent and are knowingly and intentionally infringing the '042 Patent.

51.     Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

52.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '042 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,232,818

53.     Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 52 of this Complaint.

54.     On information and belief, the Proposed ANDA Product is covered by at least Claims 1-4, 23-25, 38, and 49-50 of the '818 Patent, because it contains carfilzomib as its active ingredient.

55.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '818 Patent constitutes infringement of the '818 Patent under 35 U.S.C. § 271(e)(2).

56.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

57.     On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used will

directly infringe at least Claims 1-4, 23-25, 38, and 49-50 of the '818 Patent under 35 U.S.C. § 271(a).

58.     Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-4, 23-25, 38, and 49-50 of the '818 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

59.     On information and belief, Defendants had knowledge of the '818 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1-4, 23-25, 38, and 49-50 of the '818 Patent.

60.     Absent from the Notice Letter are any allegations that Claims 1-4, 23-25, 38, or 49-50 of the '818 Patent are not infringed by the Proposed ANDA Product.

61.     Defendants have knowledge of the '818 Patent and are knowingly and intentionally infringing the '818 Patent.

62.     Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

63.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '818 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,491,704

64.     Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 63 of this Complaint.

65.     On information and belief, the use of the Proposed ANDA Product is covered by at least Claims 1-3, 22-24, 31, 37, and 48 of the '704 Patent, because the Proposed ANDA Product contains carfilzomib as its active ingredient and Defendants' Proposed Product label will have instructions for administering the Proposed ANDA Product to treat cancer, specifically multiple myeloma.  21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(4) and (8).

66.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '704 Patent constitutes infringement of the '704 Patent under 35 U.S.C. § 271(e)(2).

67.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

68.     On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed in its proposed product labelling, will be used in a manner that would directly infringe at least Claims 1-3, 22-24, 31, 37, and 48 of the '704 Patent under 35 U.S.C. § 271(a).

69.     Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-3, 22-24, 31, 37, and 48 of the '704 Patent by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

70.     On information and belief, Defendants had knowledge of the '704 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that

they will induce and contribute to another's direct infringement of at least Claims 1-3, 22-24, 31, 37, and 48 of the '704 Patent.

71.     Defendants have knowledge of the '704 Patent and are knowingly and intentionally infringing the '704 Patent.

72.     Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

73.     On information and belief, Defendants lacked a good faith basis for alleging non-infringement and invalidity of the '704 Patent when Defendants filed their Paragraph IV Certification.  Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,737,112

74.     Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 73 of this Complaint.

75.     On information and belief, the Proposed ANDA Product is covered by at least Claims 1-9, 14, 18-24, and 29-32 of the '112 Patent, because it contains carfilzomib, sulfobutyl ether beta-cyclodextrin (SBECD), and citric acid.  21 C.F.R. § 314.127(a)(8)(ii)(B); 21 C.F.R. § 314.94(a)(9)(iii).

76.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '112 Patent constitutes infringement of the '112 Patent under 35 U.S.C. § 271(e)(2).

77.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA

Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

78. On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used, will directly infringe at least Claims 1-9, 14, 18-24, and 29-32 of the '112 Patent under 35 U.S.C. § 271(a).

79. Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-9, 14, 18-24, and 29-32 of the '112 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

80. On information and belief, Defendants had knowledge of the '112 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1-9, 14, 18-24, and 29-32 of the '112 Patent.

81. Absent from the Notice Letter are any allegations that the Claims of the '112 Patent are not infringed by the Proposed ANDA Product.

82. Defendants have knowledge of the '112 Patent and are knowingly and intentionally infringing the '112 Patent.

83. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiff has no adequate remedy at law.

84. On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '112 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,129,346

85. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 84 of this Complaint.

86. On information and belief, the use of the Proposed ANDA Product is covered by at least Claims 1-3, 22-24, 37, and 48-49, 52-60 of the '346 Patent, because the Proposed ANDA Product contains carfilzomib as its active ingredient and Defendants' Proposed Product label will have instructions for administering the Proposed ANDA Product to inhibit an N-terminal nucleophile hydrolase. Specifically, as described in the FDA approved label for KYPROLIS® (carfilzomib) for injection that will be substantially copied by Defendants' Proposed Product Label, when administered according to the instructions, carfilzomib will irreversibly bind to the N-terminal threonine-containing active sites of the 20S proteasome and inhibit proteasome activity in blood and tissue and delay tumor growth. 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(4) and (8).

87. Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '346 Patent constitutes infringement of the '346 Patent under 35 U.S.C. § 271(e)(2).

88. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA

Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

89.     On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least Claims 1-3, 22-24, 37, and 48-49, 52-60 of the '346 Patent under 35 U.S.C. § 271(a).

90.     Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-3, 22-24, 37, and 48-49, 52-60 of the '346 Patent by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

91.     On information and belief, Defendants had knowledge of the '346 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1-3, 22-24, 37, and 48-49, 52-60 of the '346 Patent.

92.     Defendants have knowledge of the '346 Patent and are knowingly and intentionally infringing the '346 Patent.

93.     Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

94.     On information and belief, Defendants lacked a good faith basis for alleging non-infringement and invalidity of the '346 Patent when Defendants filed their Paragraph IV Certification.  Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,207,125

95.     Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 94 of this Complaint.

96.     On information and belief, the Proposed ANDA Product is covered by at least Claims 1, 4, 5, 7-10, 12, 13, 16, 18-25, and 27-30 of the '125 Patent, because it is a composition comprising carfilzomib.

97.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '125 Patent constitutes infringement of the '125 Patent under 35 U.S.C. § 271(e)(2).

98.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

99.     On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed, will directly infringe at least Claims 1, 4, 5, 7-10, 12, 13, 16, 18-25, and 27-30 of the '125 Patent under 35 U.S.C. § 271(a).

100.    Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1, 4, 5, 7-10, 12, 13, 16, 18-25, and 27-30 of the '125 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

101. On information and belief, Defendants had knowledge of the '125 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1, 4, 5, 7-10, 12, 13, 16, 18-25, and 27-30 of the '125 Patent.

102. Absent from the Notice Letter are any allegations that Claims 1, 4, 5, 7-10, 12, 13, 16, 18-25, or 27-30 of the '125 Patent are not infringed by the Proposed ANDA Product.

103. Defendants have knowledge of the '125 Patent and are knowingly and intentionally infringing the '125 Patent.

104. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiff has no adequate remedy at law.

105. On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '125 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,207,126

106. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 – 105 of this Complaint.

107. On information and belief, the Proposed ANDA Product and its method of manufacture is covered by at least Claims 1-5, 7-14, and 16-21 of the '126 Patent, because it is a composition comprising carfilzomib prepared by the claimed method. Specifically, on information and belief, the Defendants' Proposed Product label will instruct healthcare providers to reconstitute the Proposed ANDA Product by slowly injecting Sterile Water for Injection, USP into each vial through the stopper and directing the solution into the inside wall of the vial, then

gently swirling and/or inverting the vial slowly for about one minute, or until complete dissolution.

108. Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '126 Patent constitutes infringement of the '126 Patent under 35 U.S.C. § 271(e)(2).

109. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

110. On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed, will directly infringe at least Claims 1-5, 7-14, and 16-21 of the '126 Patent under 35 U.S.C. § 271(a) and/or § 271(g).

111. Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-5, 7-14, and 16-21 of the '126 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

112. On information and belief, Defendants had knowledge of the '126 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1-5, 7-14, and 16-21 of the '126 Patent.

113.     Absent from the Notice Letter are any allegations that Claims 1-5, 7-14, or 16-21 of the '126 Patent are not infringed by the Proposed ANDA Product.

114.     Defendants have knowledge of the '126 Patent and are knowingly and intentionally infringing the '126 Patent.

115.     Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

116.     On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '126 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,207,127

117.     Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 116 of this Complaint.

118.     On information and belief, the use of the Proposed ANDA Product is covered by at least Claims 1, 12-17, 19, 20, and 23-27 of the '127 Patent, because the Proposed ANDA Product contains carfilzomib as its active ingredient and Defendants' Proposed Product label will have instructions for administering the Proposed ANDA Product to treat multiple myeloma, which is a type of hematopoietic cancer.  21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(4) and (8).

119.     Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '127 Patent constitutes infringement of the '127 Patent under 35 U.S.C. § 271(e)(2).

120. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers to use the Proposed ANDA Product in accordance with the proposed product labeling.

121. On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed, will be used in a manner that would directly infringe at least Claims 1, 12-17, 19, 20, and 23-27 of the '127 Patent under 35 U.S.C. § 271(a).

122. Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1, 12-17, 19, 20, and 23-27 of the '127 Patent by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

123. On information and belief, Defendants had knowledge of the '127 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that they will induce or contribute to another's direct infringement of at least Claims 1, 12-17, 19, 20, and 23-27 of the '127 Patent.

124. Defendants have knowledge of the '127 Patent and are knowingly and intentionally infringing the '127 Patent.

125. Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiff has no adequate remedy at law.

126. On information and belief, Defendants lacked a good faith basis for alleging non-infringement and invalidity of the '127 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,207,297

127. Plaintiff hereby realleges and incorporates the allegations of paragraphs 1 – 126 of this Complaint.

128. On information and belief, the Proposed ANDA Product is covered by at least Claims 1-8, 10-17, and 19-24 of the '297 Patent, because it is a composition comprising carfilzomib prepared by the claimed methods.

129. Defendants' submission of ANDA No. 209479 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product before the expiration of the '297 Patent constitutes infringement of the '297 Patent under 35 U.S.C. § 271(e)(2).

130. On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed ANDA Product immediately upon approval of ANDA No. 209479 and will instruct healthcare providers on the use of the Proposed ANDA Product through product labeling.

131. On information and belief, Defendants know that the Proposed ANDA Product, when commercially manufactured, offered for sale, sold, and/or imported, and when used as directed, will directly infringe at least Claims 1-8, 10-17, and 19-24 of the '297 Patent under 35 U.S.C. § 271(a) and/or § 271(g).

132. Upon FDA approval of ANDA No. 209479, Defendants will infringe at least Claims 1-8, 10-17, and 19-24 of the '297 Patent by making, using, offering to sell, selling, and/or importing the Proposed ANDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

133. On information and belief, Defendants had knowledge of the '297 Patent when Defendants submitted ANDA No. 209479 to the FDA and Defendants know or should know that

they will induce or contribute to another's direct infringement of at least Claims 1-8, 10-17, and 19-24 of the '297 Patent.

134.    Absent from the Notice Letter are any allegations that the Claims of the '297 Patent are not infringed by the Proposed ANDA Product.

135.    The Notice Letter contained no allegations that Claims 22 or 23 of the '297 Patent are invalid.

136.    Defendants have knowledge of the '297 Patent and are knowingly and intentionally infringing the '297 Patent.

137.    Plaintiff will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court.  Plaintiff has no adequate remedy at law.

138.    On information and belief, Defendants lacked a good faith basis for alleging invalidity of the '297 Patent when Defendants filed their Paragraph IV Certification. Accordingly, this case is exceptional under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a)      Judgment that Defendants' submission of ANDA No. 209479 to the FDA was an act of infringement of one or more Claims of the '042, '818, '704, '112, '346, '125, '126, '127, and '297 Patents under 35 U.S.C. § 271(e)(2);

b)      Judgment that Defendants' making, using, offering to sell, selling, or importing into the United States of the Proposed ANDA Product prior to the expiration of the '042, '818, '704, '112, '346, '125, '126, '127, and '297 Patents, will infringe, will

actively induce infringement, and/or will contribute to the infringement of one or more Claims of those Patents;

c)     An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 209479 shall be a date that is not earlier than the expiration of the '042, '818, '704, '112, '346, '125, '126, '127, and '297 Patents plus any other exclusivity to which Plaintiff is or becomes entitled;

d)     An Order permanently enjoining Defendants, Defendants' affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with Defendants, from making, using, offering to sell, selling, or importing into the United States the Proposed ANDA Product until after the expiration of the '042, '818 '704, '112, '346, '125, '126, '127, and '297 Patents plus any other exclusivity to which Plaintiff is or becomes entitled;

e)     A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

f)     An award of Plaintiff's reasonable costs and expenses in this action; and

g)     Such further and other relief as this Court deems proper and just.

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Lisa B. Pensabene
Filko Prugo
Margaret O'Boyle
Carolyn Wall
Eberle Schultz
Jenny Liu
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
(212) 326-2000

Wendy A. Whiteford
Erica S. Olson
Brian Kao
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

October 24, 2016