# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

MARYELLEN NOREIKA
(302) 351-9278
mnoreika@mnat.com

April 10, 2018 - Original Filing Date
April 17, 2018 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:    *Onyx Therapeutics, Inc. v. Cipla Ltd., et al.*, C.A. No. 16-988 (LPS)
       (Consolidated for Purposes of Discovery)

Dear Chief Judge Stark:

We, together with O'Melveny & Myers LLP, represent Plaintiff Onyx Therapeutics, Inc. ("Onyx") in the above-referenced matter. This patent infringement action, arising under the Hatch-Waxman Act, involves Onyx's innovative Kyprolis® (carfilzomib) product, a lyophilized injection for treatment of multiple myeloma, a blood cancer. Nine Defendants seek to market generic copies of Kyprolis® (carfilzomib)—all using the same active ingredient and the identical formulation used by Onyx that are covered by claims of the Patents-in-Suit. In this litigation, Onyx is asserting five patents, which are directed to the carfilzomib compound (the active ingredient in Kyprolis®), the formulation to deliver carfilzomib to the body, and methods of treatment using carfilzomib.

Pursuant to the Court's April 6, 2018 Oral Order (D.I. 190), we submit this letter to address the refusal by Defendants, InnoPharma Inc. ("InnoPharma"), Fresenius Kabi USA, LLC and Fresenius Kabi USA, Inc. (collectively "Fresenius"), and Cipla Limited and Cipla USA, Inc. (collectively, "Cipla") (all collectively, "the Refusing Defendants") to produce discovery related to their own formulation work on carfilzomib—including efforts to make alternative formulations to the patented formulations or to "design around" the Patents-in-Suit (Topics 3-5 of the Parties' Joint Discovery Dispute letter).

Defendants' formulation work on carfilzomib—including the Refusing Defendants' decision to pursue alternative formulations of carfilzomib, and in some cases to seek patents covering those alternative formulations—is highly relevant to the issue of obviousness, which is Defendants' primary defense here.[1]

---

[1]    Indeed, five Defendants in this case do not dispute the relevance of this discovery. They have either provided the requested discovery related to alternative carfilzomib formulations or represented alternative formulations were not considered and instead decided to pursue only the formulation for their ANDA product.

The Honorable Leonard P. Stark
April 10, 2018
Page 2

**Defendants' Argument That Onyx's Patented Formulation Is The Product Of "Routine" Work Makes Their Own Carfilzomib Formulation Efforts Highly Relevant**

Onyx's U.S. Patent No. 7,737,112 ("Onyx's formulation patent") contains claims directed to formulations of carfilzomib, including the specific formulation used in Kyprolis® (carfilzomib)—a formulation that every Defendant has copied exactly. Defendants argue that the claimed formulations would have been obviousness because they allege (incorrectly) that an ordinary researcher would have arrived at them "through routine experimentation and optimization." Defendants' Disclosures Pursuant to Para. 4(D), at 136. Because Defendants have asserted that the claimed formulations are the obvious result of "routine experimentation," Onyx is entitled to discovery regarding Defendants' own formulation work with carfilzomib, which demonstrates quite the opposite.

Indeed, public information reveals that two of the Refusing Defendants, InnoPharma and Fresenius, have applied for their own patents on formulations of carfilzomib. These defendants are effectively arguing to the Patent Office that their formulation work with the compound is not obvious, while at the same time arguing to this Court that Onyx's work (conducted a decade earlier and before the active ingredient was known) was allegedly "routine." For example, a publicly available patent application from defendant Fresenius claims as an invention, carfilzomib formulations containing one of the same ingredients (SBECD) in Onyx's formulation patent that Defendants assert was predictable in this case—with Fresenius in its own application saying the opposite. As to the third Refusing Defendant, Cipla, ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████

**Authority from the Federal Circuit and This District Confirms the Relevance of the Requested Discovery**

Defendants' own formulation efforts are relevant to rebut their allegations of obviousness based on "routine experimentation," on which they bear the burden of proof. In particular, this Court has held that accused infringers failed to meet their burden of proof of obviousness when their own substantial formulation efforts "lead[] the court to understand that [the patented formulation] is anything but 'routine.'" *Intendis GMBH v. Glenmark Pharm. Ltd.*, 117 F. Supp. 3d 549, 590–91 (D. Del. 2015), *aff'd sub nom. Intendis GMBH v. Glenmark Pharm. Inc., USA*, 822 F.3d 1355, 1366-67 (Fed. Cir. 2016).

Separately, difficulties faced by Defendants in their own formulation work to design around Onyx's Patents-in-Suit are relevant to objective indicia of non-obviousness, including at least copying and/or failure of others. Such evidence "may carry significant weight in an obviousness inquiry." *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1081 (Fed. Cir. 2012). First, "evidence of failed attempts by others could be determinative on the issue of obviousness." *Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000). And, to avoid discovery, Defendants argued that their work conducted after the Patents-in-Suit is not relevant to objective indicia, but when seeking discovery from Onyx they argued the opposite—that post-priority date research and development documents may be relevant to the presence or absence of objective indicia.

The Honorable Leonard P. Stark
April 10, 2018
Page 3

Specifically, these design around attempts establish probative evidence of copying. The facts of this case differ than those in the typical ANDA case. Here, the  Judge Sleet, , held that when the accused infringer attempted to design around the patented product but decided to copy, "its conduct shows that it desired the claimed subject matter and is probative objective evidence of non-obviousness." *Bayer Pharma AG v. Watson Labs*., Inc., 183 F. Supp. 3d 538, 550 (D. Del. Apr. 27, 2016), *aff'd in relevant part*, 874 F.3d 1316, 1328 (Fed. Cir. 2017).

**The Requested Discovery is Narrowly Tailored and Proportional**

Onyx seeks information on formulations with carfilzomib that the Refusing Defendants themselves have put directly at issue with their obviousness contentions and arguments. Onyx's discovery requests are narrowly tailored to only research on carfilzomib formulations (not other active ingredients), and Onyx indicated in meet and confers that it would limit the temporal scope of the requests to the date of the ANDA filing. Onyx has requested such documents from the very start of this case in its First Sets of Document Requests and followed up for months.

Fresenius flatly refuses to produce any discovery on alternative formulations including documents, depositions of involved individuals, or Rule 30(b)(6) deposition testimony relating to alternative formulations. Although it also refuses to provide further documents, depositions of involved individuals, or Rule 30(b)(6) deposition testimony relating to alternative formulations. InnoPharma, after a meet and confer yesterday, finally appears to have offered to produce all documents relating to research and development of any carfilzomib formulations prior to the filing of its ANDA, including seemingly emails, memos and patent materials, as well as Rule 30(b)(6) testimony to the same scope. But it is still checking on the long-requested individual witnesses and neither produced any documents nor provided any deposition dates.

Onyx is open to streamlining discovery on these issues and would be willing to forego discovery that could be obtained through less burdensome means. This includes limiting deposition testimony to reduce burden on witnesses and parties alike. Defendants to date, however, have not been willing to consider compromises beyond abstract proposals. Accordingly, Onyx respectfully requests that the Court order the Refusing Defendants to produce the requested discovery on alternative and design around formulations.

**Fresenius's Testing of Excipients and Its Label Are Relevant to Infringement**

With regard to Topics 6 and 7 of the letter to the Court, Fresenius has now agreed to provide the requested discovery relating to the testing of excipients and the label for its proposed ANDA product. On that basis, Onyx has no further issues in this regard.

We appreciate Your Honor's consideration of this matter.

The Honorable Leonard P. Stark
April 10, 2018
Page 4

Respectfully,

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)

MN/bac

cc:    Clerk of Court (Via Hand Delivery)
       All Counsel of Record (Via Electronic Mail)