IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ONYX THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Redacted: |
| | ) | Public Version |
| v. | ) | C.A. No. 16-988-LPS |
| | ) | |
| CIPLA LIMITED, *et al.*, | ) | **CONSOLIDATED** |
| | ) | *(for discovery purposes only)* |
| Defendants. | ) | |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM N. HOESCHEN**

OF COUNSEL:
John T. Bennett
Sundar Subramanyam
Eileen L. Morrison
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Huiya Wu
Joshua A. Whitehill
Aviv A. Zalcenstein
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 459-7355

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
*Attorneys for Defendants*
*Fresenius Kabi USA, LLC, and*
*Fresenius Kabi USA, Inc.*

Dated: April 12, 2018

**SHAW KELLER LLP**

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

April 12, 2018

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
Wilmington, DE 19801

Re: *Onyx Therapeutics, Inc. v. Cipla Ltd., et al.* (Consol.), CA No. 16-988-LPS

Dear Chief Judge Stark:

This firm, along with Goodwin Procter LLP, represents defendant Fresenius in the above-captioned matter. We write, together with Defendants Cipla and InnoPharma (collectively "Defendants") in response to Onyx's April 10, 2018 letter.

Onyx's discovery requests rely solely on the assumption that any formulation work on carfilzomib, regardless of timing and context, must be relevant to the obviousness of the formulations claimed in U.S. Patent No. 7,737,112 ("'112 patent"). This assumption is incorrect. The effective filing date of the '112 patent is in 2004, while Defendants' ANDAs were filed over eleven years later in 2016. Despite this, Onyx insists on unbounded discovery into all formulation work on carfilzomib, without explaining how it provides any insight into "routine experimentation" as of 2004.

At a minimum, Onyx's purported connection to obviousness does not justify the wide scope of discovery it seeks. Defendants already agreed to provide discovery on the research and development of their ANDA formulations, and have, in fact, already provided such discovery, including relevant documents and depositions. For example, contrary to Onyx's assertion that Fresenius has "flatly refuse[d] to produce any discovery on alternative formulations," Fresenius has already produced documents "concerning other formulations of carfilzomib that it may have considered or tested as part of the research and development effort that went into submitting ANDA No. 209459." Onyx, however, insists on more, asserting that it is entitled to discovery on any formulation of carfilzomib regardless of context or whether such work was connected to the accused ANDA products.

Onyx's complaints with respect to Cipla and InnoPharma are even more unwarranted. Notwithstanding their strong and continuing relevance objections, Cipla[1] and InnoPharma agreed to provide the entirety of discovery that Onyx seeks—namely, documents and witnesses regarding the research and development of alternative formulations of carfilzomib dated before the filing of their ANDAs—prior to the Parties' submission of the Joint Discovery Letter, and thus understood that this dispute had been resolved. Yet, Onyx has insisted on raising this dispute before the Court long after it ceased to exist.

---

[1] Additionally, contrary to Onyx's assertion, Cipla has not refused to provide 30(b)(6) witnesses, and instead has offered, without response from Onyx, to produce one witness on the noticed 30(b)(6) topics in the United States or all ten witnesses Onyx noticed in India.

I. **The Requested Information Is Not Relevant To What Would Have Been Viewed As Routine Experimentation In 2004**

It is black letter law that obviousness is judged from the perspective of one of ordinary skill *at the time of the invention*. *See, e.g.*, *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 419–20 (2007). Onyx ignores this basic tenet of patent law by seeking overbroad, irrelevant discovery into research undertaken more than a decade after the effective filing date of the '112 patent. Research by the Defendants on different formulations of carfilzomib conducted long after the claimed invention, and separate and apart from the ANDA products at issue in this case, is not relevant to the question of whether it was obvious to create the specific type of formulation claimed in the '112 patent in 2004. Onyx's citation to *Intendis GMBH v. Glenmark Pharm. Ltd.*, 117 F. Supp. 3d 549 (D. Del. 2015), is inapposite. There, the defendant specifically attempted to design around the patented formulation as part of its ANDA development. *Id.* at 565. Defendants have already offered to produce any documents and witnesses relating to the research and development of their ANDA products. *See supra*. Onyx's authorities therefore support the very scope of the documents Defendants have agreed to produce, or have produced, and do not support Onyx's assertion that it is entitled to discovery on every aspect of every imaginable carfilzomib formulation regardless of relation to this litigation and the products accused therein.

II. **The Requested Information Is Not Relevant to Secondary Considerations**

Onyx's claims that the requested discovery is relevant to failure of others and copying (as evidence of design-around attempts) are unsupported by authority and fail on the facts of this case.

First, Onyx's claim that Defendants sought to develop alternatives to the patented formulation is fatal to its failure of others argument. As confirmed by Onyx's own authority, failure of others requires evidence of *pre-patent* "failures to design the claimed invention." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000). Thus any "formulation work to design around Onyx's Patents-in-Suit," would have been performed too late to be relevant. *See, e.g.*, *Eisai Co. v. Teva Pharms. USA, Inc.*, 247 F.R.D. 440, 444 (D.N.J. 2007) ("[F]ailure of others is inherently limited to events pre-dating issuance of the patent.").

Second, Onyx's request goes well beyond what is potentially relevant to copying. Onyx is seeking discovery regarding *all formulations of carfilzomib*, regardless of any relation to the accused ANDA products or to the claimed formulations of the '112 patent. However, *Bayer Pharma AG v. Watson Labs., Inc.*, 183 F. Supp. 3d 538 (D. Del. 2016), cited by Onyx, does not support such breadth, and instead found copying based solely on the accused ANDA formulation and its development. *See id.* at 550. *Bayer* does not discuss anything *other than the accused ANDA product*. *See id.* Nowhere does *Bayer* explain how the development of products not alleged to infringe, let alone copy, the asserted patent is relevant to invalidity. And Defendants have already agreed to provide discovery relating to the research and development of the accused ANDA formulations.

Finally, as Defendants have already agreed to produce discovery relating to the research and development of their ANDA products, including carfilzomib formulations thereof, Onyx is

reaching well beyond what is relevant to this case. Onyx is instead seeking discovery into the alleged alternative formulations, outside of the research and development of the accused ANDA Products; this is indisputably irrelevant. *See, e.g.*, *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 394 (D. Del. 2002) ("Eon's consideration of possible alternatives in a business context to its [accused] cyclosporin capsules is not 'subject matter' within the scope of discovery."). For example, from Cipla, Onyx has requested discovery on its ▬▬▬▬ ▬▬▬▬▬▬▬ This product is completely irrelevant to this case, as it is completely unrelated to the injectable formulation claimed by the '112 patent.[2] Likewise, Fresenius's patent application, referenced in Onyx's letter, is directed to completely different subject matter than the '112 patent. While the '112 patent is directed to aqueous formulations of carfilzomib with certain excipients, Fresenius's patent application relates to non-aqueous formulations intended to avoid degradation of the product over time. Discovery into such products is irrelevant, overbroad, and not proportional to the needs of the case. *Novartis*, 206 F.R.D. at 394. Moreover, the reference to later-filed patents in Onyx's Letter is a red herring, as the later development of alternatives do not retroactively render an obvious application of known technology a patentable invention.

## III. The Requested Discovery Is Not Narrowly Tailored

Even assuming that Onyx sets forth a basis for relevance, Onyx is not entitled to such wide discovery. The '112 patent is directed to particular formulations of carfilzomib, reciting specific dosage forms, pH levels, solubility requirements, and lists of compounds for inclusion therein. The '112 patent is thus not directed to every conceivable formulation of carfilzomib. And yet, Onyx seeks unbounded discovery on every conceivable formulation of carfilzomib, regardless of any reasonable connection to formulations claimed in the '112 patent.

Indeed, Onyx's claimed basis is not at all commensurate with the requested scope of discovery. Whereas Onyx's primary justification is that it seeks discovery relevant to the *claimed formulations*, the requested scope reaches far beyond those *claimed formulations*. At a minimum, narrowly tailoring Onyx's request would necessitate requiring a reasonable connection to the '112 patent. Defendants' compromise offers already accomplish this, by providing discovery on the research and development of the accused ANDA products, *i.e.*, the products that allegedly infringe the *claimed formulations* of carfilzomib.

For these reasons, Defendants respectfully request that the Court deny Onyx's request to compel discovery on Defendants' formulation work involving carfilzomib.

---

[2] Indeed, FDA regulations require injectable ANDA formulations to be identical to the reference product in order to obtain a waiver of the bioequivalence testing requirement. *See* 21 C.F.R. § 314.127(a)(8)(ii). Therefore, the consideration of, for example, a non-injectable formulation has no bearing on the asserted Orange Book patents. *See, e.g.*, *Bayer Healthcare Pharms., Inc. v. Watson Pharms., Inc.*, 713 F.3d 1369, 1377 (Fed. Cir. 2013) ("Such evidence of copying in the ANDA context is not probative of nonobviousness because a showing of bioequivalence is required for FDA approval.").

                                                  Respectfully submitted,

                                                  */s/ Nathan R. Hoeschen*

                                                  Nathan R. Hoeschen (No. 6232)

cc:    Clerk of the Court (by hand delivery)
        Counsel of Record (by e-mail)