IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ONYX THERAPEUTICS, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CIPLA Ltd. & CIPLA USA Inc., <br><br> Defendants. | Civil Action No. 16-988-GBW |

## MEMORANDUM ORDER

Plaintiffs Onyx Therapeutics, Inc. ("Onyx") sued Defendants Cipla Ltd. and Cipla USA, Inc. (collectively, "Cipla") for infringement of multiple patents. D.I. 1 ¶ 7. Fifteen additional Defendants were at various points part of the case, but three Defendants settled with Onyx in February 2018, *see* C.A. No. 15-988, Order of Feb. 7, 2018; Order of Feb. 14, 2018, and the Court entered consent judgments as to 12 additional defendants in May 2019, D.I. 504; D.I. 505; D.I. 506; D.I. 507; D.I. 508; D.I. 509; D.I. 513; D.I. 514. A bench trial was held on May 6–16, 2019, D.I. 523; D.I. 529, and the Court found valid and infringed four claims across three patents-in-suit, D.I. 549. The Federal Circuit upheld the judgment. D.I. 553. Onyx moved for taxation of costs from the Clerk of Court (the "Clerk"), D.I. 557, and the Clerk granted-in-part and denied-in-part Onyx's motion, D.I. 564. Pending now before the Court is Onyx's Motion for Review of Taxation of Costs (the "Motion," D.I. 565). The Court has reviewed the parties' briefing, D.I. 566; D.I. 578; D.I. 581, and no hearing is necessary. For the reasons below, the Court grants-in-part and denies-in-part the Motion and taxes Cipla $48,146.36 in costs in favor of Onyx.

## I. BACKGROUND

Trial began on May 6, 2019. Defendants Fresenius Kabi USA LLC and Fresenius Kabi USA Inc. ("Fresenius"), InnoPharma Inc. ("InnoPharma"), Apotex Inc. and Apotex Corp.

1

("Apotex"), Sagent Pharmaceuticals, Inc. ("Sagent"), and Aurobindo Pharma USA Inc. ("Aurobindo") reached proposed consent judgments on the eve of trial, D.I. 504; D.I. 505; D.I. 506; D.I. 507 D.I. 508, while Qilu Pharma, Inc. and Qilu Pharmaceutical Co., Ltd. ("Quilu") and Teva Pharmaceuticals USA, Inc. ("Teva") had settled in February 2018, D.I. 114; D.I. 132. Thus, trial proceeded only against Defendants Cipla, Breckenridge Pharmaceutical Inc. ("Breckenridge"), MSN Pharmaceuticals Inc. and MSN Laboratories Private Ltd. ("MSN"), and Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd. ("Dr. Reddy's"). D.I. 523 at 6:19-7:7. Proposed consent judgments were submitted as to MSN on May 7, 2019, D.I. 503, as to Dr. Reddy's on May 9, 2019, D.I. 510, and as to Breckenridge on May 10, 2019, D.I. 511. Thus, the Court only entered final judgment as to Cipla on May 13, 2020, following post-trial briefing. D.I. 549.

After appeal of this case concluded on April 30, 2021, D.I. 554, Onyx filed its Bill of Costs with the Clerk on May 14, 2021, D.I. 557. Cipla filed objections two weeks later. D.I. 561. Onyx sought the following costs: (A) $775 in clerk fees; (B) $9,300.43 for pretrial and trial transcripts; (C) $44,282.03 for deposition transcript costs; (D) $13,793.81 for witness traveling costs, lodging, and fees; (E) copying and exemplification costs, including $242,051.44 in document production costs, $45,236.16 in document copying costs for trial, and $308,193.98 in demonstrative and presentation costs for trial; and (F) $11,346.75 in costs for "certified file wrappers of the patents in suit[.]" D.I. 557 at *passim*. Cipla took issue with certain cost categories and with assessment of all charges against only one Defendant, Cipla. *See* D.I. 561. The clerk granted-in-part Onyx's fee request. D.I. 564. The clerk granted $775 for "Fees of the Clerk," $6,765.63 for "Fees for Witnesses," and $945.00 for fees for obtaining copies of the patent file wrappers. D.I. 564 at 11. The Clerk denied all other costs. *Id.* Onyx then brought the present Motion. D.I. 565.

## II. LEGAL STANDARD

Under Delaware Local Rule 54.1, "the prevailing party shall be entitled to costs." D. Del. LR 54.1(a)(1); *see* Fed. R. Civ. P. 54(d)(1). "Costs [are] taxed in conformity with the provisions of 28 U.S.C. §§ 1920, 1921, and 1923," among others, "and the remaining paragraphs . . . of this Rule." D. Del. LR 54.1(b)(1). The Local Rule provides for taxation of transcript fees, deposition costs, witness fees, mileage, and subsistence, and costs of copying papers, among others. *Id.* 54.1(b). Statute similarly provides that

> [a] judge or clerk . . . may tax as costs . . . (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees . . . ; [and] (6) Compensation of court appointed experts[] . . . [and] interpreters . . . ."

28 U.S.C. § 1920.

Costs are limited "to those enumerated in 28 U.S.C. § 1920." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). The Supreme Court "has accorded a narrow reading of" § 1920. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012); *see Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (describing the "narrow scope of taxable costs). Thus, fees are available for making copies, but "only scanning and file format conversion can be considered to be making copies." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 753 F. App'x 135, 139 (3d Cir. 2018) (internal quotation marks and citation omitted).

The Third Circuit has explained that

> [a] district court's review of the clerk's determination of costs is *de novo*. However, there is a "strong presumption" that costs are to be awarded to the prevailing party. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced . . . ." Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so.

*Reger*, 599 F.3d at 288 (citations and footnote omitted); *see Carroll v. Clifford Twp.*, 625 F. App'x 43, 47 (3d Cir. 2015) (quoting *Reger*, 599 F.3d at 288). The Third Circuit has also explained that, while a district Court may consider "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process" and "the losing parties' . . . inability to pay[,]" the Court may not consider the merits of the decision to pursue litigation, the "closeness of the issues[,]" or disparities in wealth between the parties. *Reger*, 599 F.3d at 288 n.3 (citations omitted).

## III. DISCUSSION

The parties do not dispute that Onyx prevailed in this case. D.I. 566 at 3; D.I. 578 at 2. Onyx seeks $657,549.67 in costs, D.I. 566 at 1, while Cipla asks the Court to "affirm the Clerk's Taxation of Costs[,]" or $8,485.63, D.I. 578 at 1–2 & n.1. The parties dispute both which costs are allowable and whether the Court should apportion those costs and, thus, charge Cipla only a fraction of the allowable costs that Onyx incurred. For the reasons below, the Court taxes $48,146.36 in favor of Onyx and against Cipla.

### a. Allowable Costs

The parties do not contest that the costs the Clerk taxed against Cipla are allowable. Those costs included $775 for Clerk fees; $6,765.63 for witness travel and lodging; and $945.00 for producing the patents and file wrappers. D.I. 566 at 2 n.1; D.I. 578 at 1 n.1, 20. Thus, the Court considers whether the other categories of costs that Onyx requests are allowable taxable costs.

First, Onyx requests $9,300.43 for "the transcripts of pre-trial proceedings and the bench trial . . . ." D.I. 566 at 6. The Clerk found "that [Onyx] fails to meet the requirements of LR 54.1(b)(2)" and denied the request. D.I. 564 at 3. Onyx argues that "costs for transcripts need not depend on whether the Court explicitly requested transcripts" and that transcripts are "implicit[ly]" necessary for both the parties and the Court. D.I. 566 at 6. Cipla argues that, under LR 54.1(b)(2),

4

transcript copies for counsel's use are not taxable, and Onyx "obtained two 'additional copies' of both the trial and pretrial transcripts for its own use, for an additional $2,800.20." D.I. 578 at 8. Section 1920(2) permits a prevailing party to seek "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). While LR 54.1(b)(2) provides that "[c]opies of transcripts for counsel's own use are not taxable[,]" Judge Stark, who presided over this case, has found such costs taxable under § 1920(2). Judge Stark explained that "the undersigned Judge regularly resolves discovery disputes during teleconferences, articulating the Court's reasoning on the transcript and often without issuing any formal, written order. In order to effectively litigate a patent case in light of this procedure, it is likely necessary to have a copy of such a transcript." *Cloud Farm Assocs., L.P v. Volkswagen Grp. of Am., Inc.*, 2018 WL 4603264, at *4 (D. Del. Sept. 25, 2018). In this case, Judge Stark issued at least one ruling "[f]or the reasons stated during the pretrial conference [on April 30, 2019]." D.I. 491. Since the pretrial transcript was reasonably necessary to effectively litigate this case, and since a trial transcript was reasonably necessary for appeal, the Court finds allowable these $9,300.43 in transcript costs.

Second, Onyx requests $44,282.03 for deposition transcripts. D.I. 566 at 7–8. The Clerk denied that amount because "'Onyx made no effort to link the use of any of the 23 deposition transcripts, much less a substantial portion[] of any transcript, to the resolution of any material issue in this case.'" D.I. 564 at 3 (citation omitted). Onyx asks that the Court exercise its discretion to tax deposition costs because such costs were necessary to resolve discovery disputes and to examine witnesses at trial, among other tasks. D.I. 566 at 9. Cipla argues that "Onyx fails to show how any transcript (much less a substantial portion of such transcript) was used in the resolution of a material issue in this case . . . ." D.I. 578 at 9. LR 54.1(b)(3) provides that deposition costs "are taxable only where a substantial portion of the deposition is used in the resolution of a material

issue in the case." Judge Stark has explained that "'[t]he Local Rule, however, does not embody the full extent of the Court's discretion to award costs associated with depositions to a prevailing party.' 'The outer bounds of that discretion are established, instead, by statute: § 1920.'" *Cloud Farm Assocs.*, 2018 WL 4603264, at *3 (citations omitted). The statute only requires that transcripts be "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Here, the Court agrees with Onyx that these deposition transcripts were necessarily obtained for use in the case. Even if a deposed witness never testified, the parties use such discovery to understand factual issues and build their contentions. Thus, the Court finds Onyx's deposition costs allowable.

Third, Onyx seeks $242,051.44 in "costs relating to copying, scanning, imaging and file format conversion, bates-stamping, and document production to Cipla of electronically stored information and hard-copy documents." D.I. 566 at 9. LR 54.1(b)(5) provides that "[t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable." Section 1920(4) permits taxation of "costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). However, "only scanning and file format conversion can be considered to be making copies." *Camesi*, 753 F. App'x at 139 (internal quotation marks and citation omitted). Cipla argues that Onyx should not be able to recover (1) $24,475.95 for February through May of 2017, which is before Cipla and the other Defendants filed their first document production request, D.I. 578 at 12; (2) $171,970.59 for certain non-taxable processes to prepare documents for production (i.e., "Process & Promote to Review Database[,] Load Files-Native, Scanned & 3rd Party[,] Prepare Data, Text, Images[,] Prepare Native Files[,] [and] Equivio Threading & Near-Dup Detection"), D.I. 578 at 14 (internal quotation marks omitted); and (3) 50% of the remaining allowable production costs, because Onyx failed to distinguish between documents it produced and those it prepared but did not produce, D.I. 578 at

16. Onyx responds that (1) it knew before the first request "that it would be required—by Court order—to produce" certain documents, D.I. 566 at 11; (2) the steps Cipla cites were required to prepare documents for production consistent with Court rules, D.I. 581 at 8; and (3) Onyx should be able to recover for the cost of non-produced documents because its "fees were incurred to convert Onyx's documents into the agreed-upon format . . . so that they could be produced to Cipla if Onyx's review determined that the documents were responsive." D.I. 566 at 11–12.

The Court agrees with Onyx as to (1) and (2), since Onyx had and properly anticipated production obligations prior to Cipla's first document requests and because Onyx provides a fulsome explanation of why the steps it took were required for production. Judge Andrews has previously explained that "[the non-prevailing party] should only be responsible for the documents that Plaintiffs produced to it" because it "should only be responsible for the cost of documents that were responsive to discovery requests." *Sanofi v. Glenmark Pharms., Inc. USA*, 2018 WL 6427870, at *3 (D. Del. Dec. 7, 2018). The Court agrees with Judge Andrews. Here, however, Cipla alleged that it did not receive some of these documents, but it did not specify the proportion of documents it requested. *See* D.I. 578 at 14 (rejecting costs for "documents that Onyx . . . did not produce (e.g., non-responsive or privileged documents)"). Further, Cipla attributes part of its proposed 50% reduction to Onyx's failure to "track[] or disclose[] the identity of each photocopied page or describe[] its relevance to the case." D.I. 578 at 16. The Court finds that, based on its experience with litigation, it would be near-impossible to carefully track three million pages of produced documents. *See* D.I. 566 at 11. Since neither party provides any sense of what proportion of documents were loaded to Onyx's database but were not responsive to Cipla's requests, the Court applies a rough 10% reduction to account for non-produced documents that Cipla did not request. Thus, the Court finds that $217,846.30 in costs are allowable for production.

7

Fourth, Onyx requests $45,236.16 in "costs for exemplification, printing, and copying documents reasonably necessary for use at trial . . . ." D.I. 566 at 12. The Clerk found that Onyx failed to "'differentiate between those exemplifications that were admitted into evidence . . . and those that were not'" under LR 54.1(b)(5). D.I. 564 at 9–10. Onyx argues that the Court should exercise its discretion to grant additional costs allowable under § 1920 and that "Onyx is only requesting to recover the costs of copies of exhibits and demonstratives that were printed during trial . . . for use with witnesses (or during opening and closings) . . . ." D.I. 566 at 13. Documents not admitted into evidence, Onyx argues, were still potentially necessary "for cross-examination or impeachment." *Id.* Cipla argues that "Onyx has made no effort to track and explain the relevance of any particular page" and that Onyx should not recover for making numerous copies or for documents never admitted into evidence. The Court agrees with Onyx, since documents beyond those admitted into evidence are "necessarily obtained for use in the case" and important to the operation of trial. 28 U.S.C. § 1920(4). For example, parties must provide witness examination binders to the Court, the Court's staff, the witness, and opposing counsel. *See, e.g.*, D.I. 523 at 73:11–21 (discussing handing out examination binders). Thus, the Court finds that the entire $45,236.16 in copying costs for trial are allowable.

Fifth, Onyx requests $308,193.98 in "costs for preparing its demonstrative exhibits for use at trial." D.I. 566 at 14. The Clerk found that Onyx did not clearly describe how or why the requested costs were taxable and so denied them. D.I. 264 at 10–11. Onyx argues that it "'necessarily obtained'" the demonstratives for use in the case "to aid the Court's understanding of [] difficult scientific concepts." D.I. 566 at 14 (quoting 28 U.S.C. § 1920(4)). Cipla argues that LR 54.1(b) and § 1920 do not "provide for taxation of costs relating to demonstrative exhibits and trial presentation/equipment, and Onyx fails to cite to any binding court decision allowing such

8

costs." D.I. 578 at 18. Cipla also argues that "the costs for trial graphics consulting requested by Onyx do not relate to any presentation required by the trial judge" and are based on invoices that lack detail. *Id.* Onyx replies, first, with a citation to Judge Stark's opinion in *Intellectual Ventures I LLC v. Symantec Corp.*, 2019 WL 1332356, at *4 (D. Del. Mar. 25, 2019), and, second, with the argument that Onyx does not seek recovery for intellectual effort because "[t]rial graphics consultants are artists, not attorneys . . . ." D.I. 581 at 9–10.

The Supreme Court has distinguished between taxable costs and "nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi*, 566 U.S. at 573. Costs are limited "to those enumerated in 28 U.S.C. § 1920[,]" *Reger*, 599 F.3d at 288, and the Supreme Court "has accorded a narrow reading of" § 1920, *Race Tires Am.*, 674 F.3d at 171. Section 1920 permits recovery of "[f]ees for exemplification," 28 U.S.C. § 1920(4), and Black's Law Dictionary defines "exemplification" as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence[,]" *Exemplification*, Black's Law Dictionary (11th ed. 2019). The Third Circuit has declined to "decide whether Congress used the term 'exemplification' in its narrow 'legal sense,' or in the broader sense" that would include exhibits and demonstrative aids. *Race Tires Am.*, 674 F.3d at 166. Here, the Court agrees with Onyx that exemplification would not include the intellectual effort of consultants to prepare graphics for trial. In *Intellectual Ventures I*, Judge Stark allowed costs to produce color demonstratives to the other side, not to design the demonstratives. *See* 2019 WL 1332356, at *4 ("[I]t would be especially unfair not to allow recovery for the trial demonstratives when they had to be produced to [the opposing party] in color . . . ." (internal quotation marks and citations omitted)). Since the parties suggest that only $2,708 of the demonstratives may have been related to production, rather than to design, *see* D.I. 578 at 19, the Court finds that only those $2,708 are allowable costs.

Thus, the Court finds allowable the following costs: $775 for Clerk fees; $6,765.63 for witness travel and lodging; $945.00 for producing the patents and file wrappers; $9,300.43 for copies of the pretrial and trial transcripts; $44,282.03 for deposition transcripts; $217,846.30 for production of documents in discovery; $45,236.16 in copying costs for trial; and $2,708 in demonstrative production costs. The total allowable costs are $327,858.55.

### b. Apportionment

The Court next considers whether to award Onyx only a fraction of the allowable costs from Cipla, since Cipla was one of many Defendants.[1] Cipla argues that it should only be responsible for one quarter of fees related to trial and one ninth of any discovery and pretrial proceedings to account for the other Defendants. *See* D.I. 278 at 2–4. As Cipla notes, Onyx agreed in its consent judgments to dismissal of all claims "without costs, disbursements or attorneys' fees to any party." *See, e.g.*, D.I. 506 ¶ 6. Thus, Cipla argues, awarding Onyx all allowable costs would permit Onyx double recovery. D.I. 278 at 4. Onyx responds that Cipla failed to meet its "burden to show that the award would be inequitable" because Cipla failed to identify why either trial or discovery would have been less expensive for Onyx had Cipla been the only Defendant. D.I. 581 at 3. Instead, Onyx argues that "this is the risk Cipla took when it continued to litigate through trial and appeal after the other defendants were dismissed." D.I. 581 at 3–4.

The Court agrees with Cipla. In a case with two defendants where one defendant and plaintiffs stipulated that "'each [would] bear their own costs[,]'" Judge Andrews held that "this language indicates that [the remaining defendant] should not be responsible for the half of the costs

---

[1] Cipla also argues that Onyx's costs should be further reduced because Onyx did not prevail on all of the claims it asserted. D.I. 578 at 7. However, Onyx initially accused Cipla's "proposed generic product that is the subject of Abbreviated New Drug Application ('ANDA') No. 209479" of infringement, D.I. 1 ¶ 4, and the Court's final judgment enjoined Onyx from selling that product until the patents at issue expire, D.I. 549 ¶ 5. Thus, the Court rejects Cipla's argument.

that the Court would have assessed against [the other defendant]." *Sanofi v. Glenmark Pharms., Inc. USA*, 2018 WL 6427870, at *1 (D. Del. Dec. 7, 2018). However, the settling defendant in that case settled only after plaintiffs had filed their bill of costs. *See id.* While *Sanofi* is not entirely on point here, the Court finds Judge Andrews's reasoning persuasive. Onyx repeatedly agreed with Defendants that Onyx would bear its own costs. *See, e.g.*, D.I. 114 ¶ 7; D.I. 504 ¶ 6; D.I. 505 ¶ 6; D.I. 514 ¶ 6. It would be inequitable for Cipla, here, to bear the costs that those Defendants would have shared, except that Onyx agreed not to seek them. Also, charging Cipla costs for all Defendants would discourage consolidation of trials, where the parties benefit from splitting costs.

The Court next turns to how to properly divide the costs. Cipla agrees to pay $575.00 in clerk costs based on its costs "before the cases were consolidated[,]" and the Court accepts that amount. D.I. 578 at 20 n.13. The Court considers witness fees ($6,765.63), copying costs for trial ($45,236.16), demonstrative costs for trial ($2,708), and trial and pretrial transcripts ($9,300.43) as trial costs. Since four defendants proceeded to trial, the Court charges Cipla 25% of those costs. The Court considers the remaining costs—production of the patents and file wrappers ($945.00), deposition transcripts ($44,282.03), and document production ($217,846.30)—as pre-trial litigation costs. Since nine Defendants remained involved in the case until the eve of trial, the Court awards 12% of those costs (i.e., $\frac{100\%}{9 \text{ Defendants}}$, rounded upward to the nearest whole percentage). Thus, the Court taxes Cipla a total of $48,146.36 in costs in favor of Onyx.

Finally, Onyx and Cipla do not raise the issue of interest. However, 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Thus, the Court awards Onyx interest as well.

## IV. CONCLUSION

For the reasons above, the Court taxes Cipla a total of $48,146.36 in costs in favor of Onyx.

Therefore, at Wilmington this 17th day of February 2023, **IT IS HEREBY ORDERED** that Onyx's Motion for Review of Taxation of Costs (D.I. 565) is **GRANTED-IN-PART** and **DENIED-IN-PART** and that the total costs hereby taxed in favor of Onyx and against Cipla, together with interest at the applicable post-judgment rate specified in 28 U.S.C. § 1961, are as follows:

1. Fees of the Clerk: $575.00
2. Witness Fees and Lodging: $1,691.41
3. Copying Costs for Trial: $11,309.04
4. Demonstrative Costs for Trial: $677.00
5. Trial and Pretrial Transcripts: $2,325.11
6. Production of Patents: $113.40
7. Deposition Transcripts: $5,313.84
8. Document Production: $26,141.56

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE